**In re FAIRWOOD CORPORATION, Debtor,**

**AD HOC Committee on Bondholders, Appellant,**

v.

**Citicorp Venture Capital Ltd., Citicorp, Citibank, N.A., Citicorp North America, Inc., Court Square Capital Ltd. and Bankers Trust Company, Appellees,**

**Fairwood Corporation, Debtor.**

**No. 00–5032.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

Roy Babbitt, New York, NY, Anderson, Kill & Olick, P.C.; Mark D. Silverschotz, Thomas L. Kent and Robert Y. Chung, on the brief, for appellant.

R. Paul Wickes, New York, NY, Shearman & Sterling; Kathryn L. Tabner and Simon R. Malko, on the brief, for appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Appellant is a group of subordinated bondholders of the debtor, Fairwood Corporation. Fairwood was formed in a lever- aged buyout of entities owned and con- trolled by Citicorp Venture Capital Fund, Ltd. ("Citicorp"). To reduce the debt from the leveraged buyout that it ar- ranged, Citicorp caused the acquired sub- sidiary (Consolidated Furniture ("Consoli- dated")) to sell certain of its operating subsidiaries, and to apply the proceeds from those sales to the indebtedness. Fairwood, the corporate parent, was un- able to make payments on interest from contractually subordinated bonds it had issued in connection with the leveraged buyout, and accordingly filed for bankrupt- cy under chapter 11 of the Bankruptcy Code. However, neither its subsidiary holding company (Consolidated) nor that subsidiary's only operating company (Fu- torian Furniture Company ("Futorian")), has filed for bankruptcy.

Appellant moved in the United States Bankruptcy Court for the Southern Dis- trict of New York (Garrity, J.) to remove the debtor from possession either by con- verting this case to one under chapter 7, or by appointing a chapter 11 trustee, and in so doing, to permit either the chapter 7 or chapter 11 trustee to cause Consolidated and Futorian to file for protection under the Bankruptcy Code. In that event (appel- lant argues), Consolidated and Futorian could assert claims against Citicorp that do not belong to Fairwood, but that if suc- cessful would leave those entities free of debt and would enhance Fairwood's value (and, in turn, the value for their presently worthless bonds).

The bankruptcy court oversaw 15 months of discovery aimed at determining whether Fairwood's refusal to put its sub- sidiaries into bankruptcy (so that they could sue Citibank) constituted grounds for appointing a trustee. After discovery, and the filing by bondholders of a State- ment of Claims against Citicorp, the bankruptcy court denied the relief. The

bankruptcy court held that while it was "theoretically possible" that some of the claims against Citicorp, if proved, could create some value for the Fairwood estate, there were too many contingencies standing between the possible cause of action and the actual benefit to the estate: "[t]he alleged assets (i.e., the lawsuits) do not belong to the debtor; their value is in sharp dispute and cannot benefit Fairwood's estate (if at all) without putting two subsidiaries that do not otherwise require bankruptcy relief into chapter 11, and successfully litigating two lawsuits involving complex legal and factual issues."

The United States District Court for the Southern District of New York (Baer, J.) affirmed for essentially the same reasons. The district court held that the bankruptcy court did not abuse its discretion in denying the requested relief because: (i) the Fairwood subsidiaries, not Fairwood itself, hold any claims against Citicorp, a point of distinction between this case and cases in which the debtor directly possessed a claim and failed to bring it or failed to properly administer an estate, and (ii) the bankruptcy court's ruling that some of the claims by the subsidiaries against Citicorp were "colorable" is not inconsistent with its ruling to deny relief, because the real issue is "whether the debtor's refusal to bring those claims—even if they were colorable—was reason enough to convert the case or appoint a trustee, despite the strong presumption that a debtor will remain in possession and control of its assets." It was not an abuse of discretion for the bankruptcy court to find that appellant did not overcome this "strong presumption."

We affirm substantially for the reasons stated in Bankruptcy Judge Garrity's *Memorandum Decision on Fairwood Bondholders' Motion for Appointment of a Chapter 11 Trustee,* dated February 22, 1999, and Judge Baer's *Order Denying Motion for Conversion of the Case to One Under Chapter 7 or, in the Alternative, for the Appointment of a Chapter 11 Trustee,* dated March 8, 2000.

We have considered all of appellant's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.